**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Nickolas, | No. CV-19-00166-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Bank of New York Mellon, et al., | |
| Defendants. | |

On January 17, 2019, Defendants The Bank of New York Mellon f/k/a The Bank of New York as successor in interest to JP Morgan Chase Bank, N.A. solely in its capacity as Trustee for Structured Asset Mortgage Investments II Trust 2006-AR8 Mortgage Pass-Through Certificates Series 2006-AR8 (erroneously named as "Bank of New York Mellon f/k/a Bank of New York as Successor in Interest to JP Morgan Chase as Trustee for the Structured Asset Mortgage Investments II Trust 2006-AR8 Mortgage Pass-Through Certificates 2006-AR8") (hereinafter "BoNYM") and Structured Asset Mortgage Investments II, Inc. (erroneously named as "Structured Asset Management Mortgage Investments II, LLC") (hereinafter "SAMI") filed a Motion to Dismiss Plaintiff's Amended Complaint (Doc. 7).

On February 14, 2019, the parties filed a stipulation indicating their agreement that Plaintiff could file a second amended complaint. (Doc. 20.) On the same day, Plaintiff filed a "Response to Motion to Dismiss, Alternative Motion Pursuant to Rule 56(d), and Cross Motion for Summary Judgment" (Doc. 16) and a separate Statement of Facts (Doc.

17), as well as a motion to convert BoNYM and SAMI's motion to dismiss into a motion for summary judgment (Doc. 18).

The following day, the stipulation to allow Plaintiff to file a second amended complaint, which the Court construed as a stipulated motion, was denied as moot on procedural grounds.[1] (Doc. 21.) A few days later, Plaintiff filed a "Notice of Filing Second Amended Complaint with Written Consent of Defendants." (Doc. 24.) In response, the Clerk of Court issued a deficiency notice informing Plaintiff that, once again, he had failed to comply with LRCiv 15.1(b) and directing him to file a clean version of the second amended complaint within one day. (Doc. 25.) On February 21, 2019, Plaintiff filed his Second Amended Complaint (Doc. 26) and verification thereof (Doc. 27).

On February 26, 2019, BoNYM and SAMI filed a motion asking the Court to clarify "the status of BoNYM and SAMI's motion to dismiss (ECF No. 7) as well as plaintiff Steven Nickolas' objection to BoNYM and SAMI's request for judicial notice filed in connection with their motion to dismiss (ECF Nos. 7, 19), motion for summary judgment (ECF Nos. 16, 17), and motion to treat BoNYM and SAMI's motion to dismiss as a motion for summary judgment (ECF No. 18)." (Doc. 28 at 2.) BoNYM and SAMI express confusion as to why Plaintiff "filed his various oppositions and motions, but then filed an amended complaint," as they had consented to the filing of a second amended complaint and "understood the second amended complaint would moot their motion to dismiss the first amended complaint." (*Id.* at 3.) On March 6, 2019, BoNYM and SAMI filed a Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. 29.)

The Court shares BoNYM and SAMI's confusion as to why Plaintiff would seek and obtain BoNYM and SAMI's consent to file a Second Amended Complaint and attempt to file it, while simultaneously filing a response to a motion to dismiss the First Amended Complaint, as well as a motion to construe said motion as a motion for summary judgment. Plaintiff finally succeeded in filing his Second Amended Complaint on February 21, 2019, which rendered the First Amended Complaint a nullity and rendered the motion to dismiss

---

[1] Under LRCiv 15.1(b), a party wishing to file an amended pleading is not required to seek judicial approval (via motion or otherwise) if the opposing party consents.

it (Doc. 7) moot. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

Thus, to clarify the status of this case, BoNYM and SAMI's Motion to Dismiss the First Amended Complaint (Doc. 7) is deemed moot, and therefore Plaintiff's response to that motion (Doc. 16) is also moot, as is the motion to treat that motion as a motion for summary judgment (Doc. 18). To the extent Plaintiff's response also purports to be a cross-motion for summary judgment (Doc. 16), it was filed before the Second Amended Complaint was successfully filed, so the Court will deem that motion moot as well. This is to Plaintiff's benefit. No party shall be permitted to file more than one motion for summary judgment without leave of the Court—and this moot one will not count against Plaintiff. This Order grants the motion for clarification (Doc. 28), so the only motion that remains pending in this case is BoNYM and SAMI's Motion to Dismiss the Second Amended Complaint (Doc. 29).

In a case like this one, when all Defendants file motions to dismiss instead of answers, the Court typically waits until any such motions are resolved before setting a case management conference and issuing a case management order. However, because it appears that at least one party in this lawsuit may choose to file its motion for summary judgment much earlier than normal, the Court will issue the portion of its standard order regarding summary judgment motions now, albeit without setting a dispositive motions deadline, which would presently be premature.

Accordingly,

**IT IS ORDERED** that BoNYM and SAMI's motion for clarification (Doc. 28) is **granted**, as discussed above.

**IT IS FURTHER ORDERED** that BoNYM and SAMI's motion to dismiss Plaintiff's First Amended Complaint (Doc. 7) is **denied as moot**, Plaintiff's response to that motion and cross-motion (Doc. 16) is also **denied as moot**, and Plaintiff's motion to treat BoNYM and SAMI's motion to dismiss the First Amended Complaint as a motion for summary judgment (Doc. 18) is likewise **denied as moot**.

**IT IS FURTHER ORDERED** as follows:

| | |
|---|---|
| 1 | No party shall file more than one motion for summary judgment under Rule 56 of |
| 2 | the Federal Rules of Civil Procedure without leave of the Court. |
| 3 | Local Rule of Civil Procedure 56.1 is suspended, except for subsection (d). The |
| 4 | Court will decide summary judgment motions under Federal Rule of Civil Procedure 56 |
| 5 | only. In other words, the parties may not file separate statements of facts or separate |
| 6 | controverting statements of facts, and instead must include all facts in the motion, response, |
| 7 | or reply itself. All evidence to support a motion or response that is not already part of the |
| 8 | record must be attached to the motion or response itself. The evidence may include only |
| 9 | relevant excerpts rather than full documents. No evidence may be submitted with a reply. |
| 10 | Because no separate controverting statement of facts will be permitted, the responding |
| 11 | party must carefully address all material facts raised in the motion. Likewise, the reply |
| 12 | must carefully address all material facts raised in the response. Any fact that is ignored |
| 13 | may be deemed uncontested. Procedurally, immediately following the motion should be a |
| 14 | <u>numerical</u> table of contents for the exhibits. The table of contents shall include only a title |
| 15 | for each exhibit, not a description. Following the table of contents should be each exhibit |
| 16 | (unless the document is already part of the record), <u>numbered</u> individually. Immediately |
| 17 | following the response to the motion should be an <u>alphabetical</u> table of contents (again, the |
| 18 | table of contents shall include only a title for each exhibit, not a description). Following |
| 19 | the table of contents should be each exhibit (unless the document is already part of the |
| 20 | record), labeled <u>alphabetically</u>. By way of example, citations to exhibits attached to the |
| 21 | motion would be "(Ex. 1 at 7)" and citations to exhibits attached to the response would be |
| 22 | "(Ex. D at 3)." Citations to documents that are already part of the record shall reference |
| 23 | the docket number where the document can be found and include a pin cite to the relevant |
| 24 | page—for example, "(Doc. 15 at 4)." |
| 25 | The parties shall not notice oral argument on any motion. Instead, a party desiring |
| 26 | oral argument shall place the words "Oral Argument Requested" immediately below the |
| 27 | title of the motion pursuant to Local Rule of Civil Procedure 7.2(f). The Court may decline |
| 28 | … |

the request and decide the motion without holding oral argument.  If the request is granted, the Court will issue a minute entry informing the parties of the argument date and time.

Dated this 12th day of March, 2019.

Dominic W. Lanza
United States District Judge