**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Nickolas, | No. CV-19-00166-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Bank of New York Mellon, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Steven Nickolas' ("Nickolas") "Rule 62(b) Motion for Stay and Motion to Accelerate Briefing and Decision." (Doc. 46.) Nickolas asks the Court to "issue a stay of its judgment signed May 3, 2019 and entered in this action on the May 6, 2019, pending appeal, and a temporary stay of the sale of the deed of trust involved in this case, also pending appeal." (*Id.* at 1.) For the following reasons, the Court denies the motion.

This case was at least the fourth lawsuit Nickolas had filed in an attempt to prevent banks and financial institutions from foreclosing on his home. Notably, Nickolas never moved for an injunction. On May 6, 2019, the Court dismissed all of Nickolas's claims with prejudice. (Doc. 44.)

The pending motion is premised on a misunderstanding of Federal Rule of Civil Procedure 62. Rule 62 is entitled "Stay of Proceedings to *Enforce* a Judgment." *Id.* (emphasis added). Here, Defendants did not obtain a money judgment or injunction against Nickolas; the Court simply dismissed his case. Thus, although Nickolas requests a "stay"

of the Court's May 3, 2019 order, it is unclear what effect that would have—even with a stay, Defendants would not be prohibited from foreclosing on his home.

Nickolas further requests "a temporary stay of the sale of the deed of trust involved in this case, also pending appeal." (*Id.*) Although he uses the term "stay," he is effectively requesting an injunction. But he cannot request an injunction after his case has been dismissed. Moreover, in seeking a preliminary injunction, a plaintiff must show he is likely to succeed on the merits. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). By dismissing this case with prejudice, the Court effectively held that Nickolas could not satisfy this element. Nickolas may be relying on Rule 62(d) (although his motion only mentions Rule 62(b)), which provides that, "[w]hile an appeal is pending from an interlocutory order or final judgment that . . . refuses . . . an injunction, the court may . . . grant an injunction on terms for bond or other terms that secure the opposing party's rights." To invoke that provision, however, Nickolas would need to be appealing an order refusing an injunction. Here, the Court did not refuse an injunction because Nickolas never moved for an injunction. It would, thus, be impossible for him to appeal such a judgment, and Rule 62(d) is therefore inapplicable.

Accordingly, **IT IS ORDERED** that Nickolas' "Rule 62(b) Motion for Stay and Motion to Accelerate Briefing and Decision" (Doc. 46) is **denied**.

Dated this 24th day of May, 2019.

Dominic W. Lanza
United States District Judge